```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

ROCHESTER COMMERCIAL R.E., INC.,
LUCIEN P. CURRE, GERARD T. CURRE,

                      Plaintiffs,          14-CV-6307T

      v.                                   **DECISION**
                                                     **and ORDER**

NEXSTAR BROADCASTING, INC.

                      Defendant.
_____

## INTRODUCTION

Plaintiffs Rochester Commercial R.E., Inc., Lucien P. Curre, and Gerard T. Curre, brought the instant action in New York State Supreme Court, Monroe County, against defendant Nexstar Broadcasting, Inc., claiming that the defendant, the owner of a broadcast television station, defamed them by publishing a false news story alleging that the plaintiffs had been found guilty of fraudulent conduct towards their clients. Plaintiffs allege that they were never engaged in such conduct, were never found guilty of engaging in such conduct, and that the defendant published the story knowing that it was false, or, in the alternative, recklessly failed to determine whether or not the story was true.

On June 5, 2014, defendant removed the action to this Court. Defendant now moves to dismiss the Complaint as a result of plaintiffs' failure to comply with a Court Order requiring disclosure of discovery materials. Defendant further seeks

monetary sanctions against the plaintiffs.[1]  Plaintiffs have not responded to the defendant's motion.

## DISCUSSION

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides that a court may dismiss an action where the plaintiff has failed to permit discovery, or has failed to obey an Order to provide discovery.  In the instant case, the Court issued an Order to the parties on September 17, 2014 directing the parties to produce mandatory disclosures on or before October 3, 2014, and to complete discovery on or before March 30, 2015.  Plaintiffs, however, have failed to produce any discovery as required by the Court's September 17, 2014 Order, and have failed to request an extension of time to comply with the Court's Order.  Indeed, plaintiffs have failed to even respond to the instant motion.  As a result of plaintiffs' failure to comply with the Court's discovery Order, and failure to oppose the instant motion, I grant defendant's motion to dismiss the Complaint.

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides that where a party has failed to comply with a discovery

---

[1] Although defendant's Notice of Motion, Memorandum of Law, and the Attorney Affidavit of Michael Law all seek relief under Rule 37(b)(2)(E) of the Federal Rules of Civil Procedure, Rule 37 of the Federal Rules of Civil Procedure was amended in 2007, and Rule 37(b)(2)(E) no longer exists.  The Court will consider defendant's request for relief pursuant to Rule 37(b)(2)(A)(v), which provides that a court may dismiss an action for failure to comply with a discovery Order, and Rule 37(b)(2)(C), which provides that a court must impose sanctions on a party that has not complied with discovery Orders unless the failure to comply was substantially justified.

Order of the Court, "the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added). Because plaintiffs have failed to demonstrate or even allege that their failure to comply with this Court's discovery Order was substantially justified or that an award of expenses in favor of the defendant would be unjust, I grant defendant's request for an award of sanctions, and Order plaintiffs Rochester Commercial R.E., Inc., Lucien P. Curre, and Gerard T. Curre to each pay $100.00 in sanctions directly to the defendant, and Order plaintiff's attorney Christian M. Nadler to pay $200.00 directly to the defendant. Plaintiffs and their attorney shall remit their payments to the defendant's attorney within thirty days of the date of this Order, and shall concurrently file with the Court an affidavit of compliance with this Order.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss and for sanctions is granted, and plaintiffs' Complaint is dismissed without prejudice. Sanctions of $100 for each plaintiff, and $200.00 for the plaintiffs' attorney are imposed for plaintiffs' failure to comply with this Court's discovery Order. Sanctions (payable to the defendant) shall be remitted to the

defendant's attorney within 30 days of the date of this Order, and plaintiffs shall provide proof of compliance with this Order to the Court within 30 days.  This Court retains jurisdiction over the case to enforce its sanction Order.

    ALL OF THE ABOVE IS SO ORDERED.

                            S/ Michael A. Telesca

                            MICHAEL A. TELESCA
                      United States District Judge

Dated:    Rochester, New York
           April 1, 2015